UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BON-AIRE INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIATEK CONSUMER PRODUCTS GROUP, INC., a Florida Corporation, and JOHN DOES 1 - X, <br><br> Defendant. | Case No. 1:13-CV-00403-EJL <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiff's Motion to Dismiss and/or Strike Defendant's Counterclaims and Affirmative Defenses for Lack of Subject Matter Jurisdiction. (Dkt. 13.) The Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1). The Defendants have responded to the Motion and the time for the filing of any reply brief has passed. The matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

# STANDARD OF LAW

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the Court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A "facial" attack is one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988) (When considering a "facial" attack made pursuant to Rule 12(b)(1), courts consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.). In a facial attack, the challenge is as to the sufficiency of the allegations of subject matter jurisdiction in the Counterclaims. *Love*, 915 F.2d at 1245. The review of such a motion is similar to that of a Rule 12(b)(6) motion - the allegations of the complaint are taken as true and all reasonable inferences are drawn in favor of the movant. *Id.*

By contrast, in a factual attack, the challenger provides evidence that an alleged fact

is false resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. A "factual" attack challenges "the existence of subject matter jurisdiction in fact." *Thornhill*, 594 at 733. For a factual challenge, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2. When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill*, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

# DISCUSSION

In this Motion, Plaintiff, Bon-Aire Industries, Inc. ("Bon-Aire"), challenges the subject matter jurisdiction as to eight of the Defendant's, Viatek Consumer Products Group, Inc. ("Viatek"), Counterclaims. (Dkt. 13-1 at 3.) Specifically, Bon-Aire argues the First, Second, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Counterclaims for declaratory relief should be dismissed because none of the facts plead by Viatek, individually or together, establish a case or controversy over the patents in those eight Counterclaims since Bon-Aire has not alleged any infringement of those eight patents in its own claims. (Dkt. 13-1 at 2.) Viatek counters arguing that a case or controversy does exist as to the eight Counterclaims because even if Bon-Aire has not asserted infringement of those patents in its own claims, Bon-Aire has undertaken sufficient actions as to the eight other patents to create a definite and concrete dispute of an adverse legal interest between the patents. (Dkt. 17.) As evidence of the actions taken by Bon-Aire showing its intention to assert and enforce its patent rights, Viatek points to Bon-Aire's filing of this infringement action and Bon-Aire's comments made during discussions between the parties' counsels in this matter. (Dkt. 17.)

> The Declaratory Judgment Act, in relevant part, provides:
>
> In a case of actual controversy within its jurisdiction ... any court in the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

**MEMORANDUM DECISION AND ORDER - 4**

28 U.S.C. § 2201(a) (2000). "The phrase 'a case of actual controversy' refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the Constitution." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012) (citation omitted).[1]

> Article III's case or controversy clause requires
>
> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240-41 (1937))); *see Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (The claim "must be based on a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm."). Stated differently, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *3M*, 673 F.3d at 1376 (quoting *MedImmune*, 549 U.S. at 127 (citation omitted)). In patent cases, declaratory judgment jurisdiction exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that

---

[1] On this Motion, this Court looks to Supreme Court precedent as well as Federal Circuit precedent. *See 3M Co.*, 673 F.3d at 1377; *Microchip Tech. Inc. v. Chamberlain Group*, 441 F.3d 936, 940 (Fed. Cir. 2006) ("Federal Circuit law governs...as to whether an actual controversy exists under the Declaratory Judgment Act when the underlying merits of an action involve patent infringement and/or validity.").

**MEMORANDUM DECISION AND ORDER - 5**

it has the right to engage in the accused activity without license." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Thus, subject matter jurisdiction requires that there be 1) an actual controversy between the parties and 2) the controversy must be sufficiently immediate to warrant declaratory relief.

### 1. Actual Controversy

"[I]n the context of patent disputes, an actual controversy requires 'an injury in fact traceable to the patentee,' which exists only if the plaintiff has alleged 'both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, (Fed. Cir. 2013) rev'd in part on other grounds by *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S.Ct. 2107 (2013).

Construing the facts in favor of Viatek, in this case it appears that Viatek already makes the products that may or may not infringe upon the eight patents at issue in this Motion. Thus, "meaningful preparation" has been shown. The question here then is whether Bon-Aire has made an affirmative act related to the enforcement of its patent rights sufficient to create an actual controversy for Article III purposes.

Bon-Aire argues there is no actual dispute as to the eight Counterclaims in question because it has not alleged infringement of those eight patents. Viatek maintains that Bon-Aire's actions prior to the Counterclaims being filed gave rise to adverse legal interests over the patents. (Dkt. 17.) In particular, Viatek argues Bon-Aire "has undertaken sufficient action to put it in reasonable apprehension of suit by naming the Patents-at-Issue in the complaint" and based on conversations between counsels concerning the topic of potential design-arounds where Bon-Aire's counsel stated the proposed changes would likely run afoul of the other patents noted in the complaint. (Dkt. 17 at 4.)

The introductory paragraphs fo Bon-Aire's the Complaint identify ten patents owned by Bon-Aire that relate to the Ultimate® Hose Nozzle as well as one other iteration. (Dkt. 1 at ¶ 2.) Paragraphs three and four identify two specific patents, U.S. Patent Nos. 6,561,439 and D473,286, which Bon-Aire alleges Viatek has infringed upon. (Dkt. 1 at ¶¶ 3, 4.) Paragraph five of the Complaint states:

> In this action, Bon-Aire seeks, inter alia, to: (a) restrain and enjoin Defendants' from continuing to make, use, offer to sell, or sell products that infringe upon the patents; (b) declare, adjudge, and decree that Defendants' actions of making, using, offering to sell, selling, and/or supplying for others to use, offer to sell, or sell the patented hose nozzle constitutes patent infringement and/or contributory patent infringement; (c) order Defendants' to cease all infringing and contributory infringing activities and to destroy all infringing hose nozzles; (d) recover all damages suffered by Bon-Aire as a result of Defendants' wrongful conduct; (e) an accounting of all gains, profits, and advantages derived by such wrongful conduct; (f) an award of attorney fees and costs incurred; (g) enhanced damages and/or punitive damages; and (h) such other relief as the Court deems appropriate.

(Dkt. 1 at ¶ 5.) Bon-Aire's patent infringement claims themselves, however, are specific as to only two particular patents, United States Patent Nos. 6,561,439 and D473,286. (Dkt. 1 at ¶¶ 18-23, 67-107.) [2]

Viatek's Amended Answer asserts twenty affirmative defenses including that it has not infringed on any of the ten patents listed in the Complaint. (Dkt. 9.) In addition, Viatek alleges Counterclaims seeking declaratory judgment adjudicating that certain patents relating to hose nozzle devices are: invalid, not infringed by Viatek, unenforceable, and violate anti-competitive practices. (Dkt. 9 at ¶ 3.) The ten patent infringement Counterclaims seek declaratory judgment as to each of the ten patents listed in Paragraph 2 of Bon-Aire's Complaint; alleging Bon-Aire has "sued" Viatek for patent infringement and, therefore, an actual case or controversy exists. (Dkt. 9.)[3] The Court finds as follows.

Although Bon-Aire's Complaint lists ten patents in the "Nature of the Action" section, the actual claims of patent infringement are specific as to two particular patents that Bon-Aire alleges Viatek has infringed upon. Bon-Aire has not, as Viatek's Counterclaims allege, sued Viatek for patent infringement of the other eight patents. On the face of the pleadings, the Court finds that an actual claim or controversy has not been shown to exist at this time as to the eight patents which Bon-Aire has not claimed were infringed upon in its Complaint.

---

[2] The Complaint also raises claims of unfair competition and false designation of origin regarding product features - trade dress infringement and dilution, and copyright infringement. (Dkt. 1.)

[3] The eleventh and twelfth claims seek declaratory relief that Viatek has not violated Bon-Aire's trade dress and/or copyrights. (Dkt. 9.)

**MEMORANDUM DECISION AND ORDER - 8**

Thus, Viatek has failed to show that an actual controversy exists as to those eight patent Counterclaims based on the pleadings.

The Court also rejects Viatek's argument that because it is a competitor to Bon-Aire, "any communication regarding intellectual property rights, including the complaint in the present action and discussions between counsel, is sufficient enough to put Viatek in reasonable apprehension of suit." (Dkt. 17 at 5-6.) The Court disagrees. More is required to demonstrate an actual controversy exists. The Court has considered the fact that the parties are competitors in the same industry. However, "[t]he mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury; absent action by the patentee, 'a potential competitor ... is legally free to market its product in the face of an adversely-held patent.'" *Prasco*, 537 F.3d at 1338 (quoting *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1345 (Fed. Cir. 2007)). "[D]eclaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009) (quoting *SanDisk*, 480 F.3d at 1381). "The test [for declaratory judgment jurisdiction in patent cases], however stated, is objective ....Indeed, it is the objective words and actions of the patentee that are controlling. Thus, conduct that can be reasonably inferred as demonstrating intent to enforce a patent can create declaratory judgment jurisdiction." *Hewlett–Packard*, 587 F.3d at 1363 (quotations omitted).

The record here does not objectively show any affirmative act on the part of Bon-Aire as to the eight patents not included in its own patent infringement claims that create a current cause of action. *See ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, Case No. 11-CV-5065 YGR, 2013 WL 5442360, at *3 (N.D. Cal. Sept. 30, 2013) (listing examples of affirmative acts).

In so ruling, the Court notes that it does not have before it the actual communications between counsel referred to in Viatek's response.[4] It may be that those materials would show that the circumstances in this case do present an actual controversy in that, as Viatek asserts, the actions of Bon-Aire have "made it abundantly clear that it will assert any patent rights that it has and has named Viatek as a target." (Dkt. 17 at 6.) Upon considering the pleadings and all of the circumstances presented in the current record of this case, however, the Court finds that an actual case or controversy has not been shown at this time. *See Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 and 883 (Fed. Cir. 2008) (*MedImmune* requires that "all the circumstances" must be considered when making a justiciability determination.). For this reason, the Court will dismiss the eight claims but grant Viatek leave to refile its claims if it is able to make the jurisdictional showing.

---

[4] Viatek filed a Declaration of its counsel "affirm[ing] the statement in Viatek's memorandum in opposition to [Bon-Aire's] motion...that, during conversations between counsel, when the topic of potential design-arounds was discussed, counsel for Bon-Aire gave [sic] me to understand that design changes would likely run afoul of the other patents noted in the complaint." (Dkt. 18.) This Declaration, alone, is insufficient for the Court to rely upon to find the existence of an actual controversy as it does not establish any affirmative act by Bon-Aire to form the basis for an actual controversy nor any present activity or concrete steps taken by Viatek that might subject it to suit. *Prasco*, 537 F.3d at 138-39, *Cat Tech*, 528 F.3d at 880.

## 2. Immediacy

Immediacy is the second requirement for subject matter jurisdiction. "A party may not obtain a declaratory judgment merely because it would like an advisory opinion on whether it would be liable for patent infringement if it were to initiate some merely contemplated activity." *Cat Tech*, 528 F.3d at 881 (citation and quotations omitted). "[A]lthough a party need not have engaged in the actual manufacture or sale of a potentially infringing product to obtain a declaratory judgment of non-infringement, there must be a showing of meaningful preparation for making or using that product." *Id.* (quotations and citations omitted). "In general, the greater the length of time before potentially infringing activity is expected to occur, 'the more likely the case lacks the requisite immediacy.'" *Id.* (quoting *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004)).

The Counterclaims at issue on this Motion do not present an immediate controversy. Bon-Aire has not sued Viatek for infringement of the eight patents in question as alleged in the Counterclaims. Further, and for the same reasons stated above, Viatek has not otherwise shown that there exists an immediate controversy as to these eight patents.

## 3. Discretion

"When there is no actual controversy, the court has no discretion to decide the case." *Cat Tech*, 528 F.3d at 883 (quoting *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991)). Where, however, the prerequisites for declaratory judgment relief have been met, "the district court's exercise of its declaratory judgment authority is discretionary."

*Id.* (citing *SanDisk*, 480 F.3d at 1383; *Cardinal Chem. Co. v. Morton, Int'l, Inc.*, 508 U.S. 83, 95 n. 17 (1993)).

Here, the Court has determined above that no actual case or controversy exists and, therefore, the Counterclaims must be dismissed. Had the Court concluded to the contrary, however, the Court would still not exercise its discretion to decide the eight Counterclaims in question on this Motion.

"In deciding whether to entertain a declaratory judgment request, a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created." *Cat Tech*, 528 F.3d at 883 (citations omitted). The record does not show that the level of conflict between the two competing products in this case is such that the Court can say the Counterclaims present the type of dilemma that the Declaratory Judgment Act was promulgated to ameliorate. *MedImmune*, 127 S.Ct. at 773 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967)). As it currently stands, the record here also does not show that Viatek will be forced into choosing between engaging in illegal activities or abandoning that which Viatek argues it has a right to pursue absent a declaratory judgment of non-infringement on these eight patents. *See SanDisk*, 480 F.3d at 1381 ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."); *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987) (Declaratory judgment should be used "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.").

Accordingly, the eight Counterclaims at issue in this Motion will be dismissed. The Court will, however, dismiss the Counterclaims without prejudice and afford Viatek leave to refile its Counterclaims within fourteen days of this Order so long as it can make the jurisdictional showing required to satisfy Article III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss Counterclaims (Dkt. 13) is **GRANTED**. Counterclaims One, Two, Three, Four, Five, Six, Nine, and Ten are **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Viatek is granted leave to refile its Counterclaims within fourteen days of this Order as stated herein.

DATED: **May 13, 2014**

Honorable Edward J. Lodge
U. S. District Judge